UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID D. CLIFFORD (#109543)                        CIVIL ACTION
    a/k/a MICHAEL J. COLEMAN

VERSUS

JAMES LeBLANC, ET AL.                              NO. 09-0105-FJP-CN

NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, March 5, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID D. CLIFFORD (#109543)                        CIVIL ACTION
    a/k/a MICHAEL J. COLEMAN

VERSUS

JAMES LeBLANC, ET AL.                                  NO. 09-0105-FJP-CN

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Upon a review of the plaintiff's Objection to the Magistrate Judge's Report and Recommendation issued February 3, 2010, rec.doc.no. 32, the Court has determined that some of the arguments raised in the plaintiff's Objection merit additional discussion.

The pro se plaintiff, an inmate previously incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, former Secretary Richard Stalder, Warden Burl Cain, Ass't. Warden Mack Shaw, Ass't. Warden Blaine Lachney, Ass't. Warden Tim Delaney, Dr. Raman Singh, Dr. Jonathan Roundtree, LSP Pharmacy Worker Mary Labatut (identified in the plaintiff's second Amended Complaint as "Ms. Mary in the Pharmacy"), an LSP Pharmacy Worker identified in the plaintiff's second Amended Complaint only as "Stacy in the Pharmacy", and certain unidentified "John Doe" and "Jane Doe" defendants at LSP, alleging that, while he was confined at that institution, the defendants violated his constitutional rights through deliberate indifference to his serious medical needs. In his original and first Amended Complaints, the plaintiff complained of the failure of prison officials, upon his transfer to LSP in March, 2007, to promptly examine him and to continue his prescribed medication, Neurontin, at that time. In addition, the plaintiff complained of the failure of prison officials, then and thereafter, to provide another medication, Ibuprofen/Motrin, in a

reliably consistent manner. Finally, the plaintiff complained of a policy or practice at LSP which created a danger of medications not being reliably provided to inmates.

In response to the plaintiff's allegations, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In this motion, the defendants asserted the defense of qualified immunity. In addition, the defendants filed a motion to stay discovery pending resolution of the qualified immunity defense, which motion was granted by the Court on July 22, 2009, rec.doc.no. 20. As a result of the stay of discovery, the plaintiff's pending interrogatories, directed in part at determining the identities of the "John Doe" and "Jane Doe" defendants "responsible at Camp-C for reordering and/or refilling ... prescription cards for the medication Ibuprofen", were not answered. Finally, on August 20, 2009, the plaintiff responded to the defense of qualified immunity by filing a second Amended Complaint, wherein he specifically identified certain of his "John Doe" and "Jane Doe" defendants and provided additional factual development in an effort to meet the heightened pleading requirement set forth in Schultea v. Woods, 47 F.3d 1427 (5th Cir. 1995).

Pursuant to Report issued February 3, 2010, rec.doc.no. 32, the undersigned Magistrate Judge recommended that the defendants' pending motions to dismiss be granted, dismissing the plaintiff's claims against the defendants herein. Now, upon a review of the plaintiff's Objection to this Report, the Court has determined that additional comment is warranted.

Initially, the Court determines that it correctly found that the plaintiff's claims against the named supervisory defendants, Secretary James M. LeBlanc, former Secretary Richard Stalder, Warden Burl Cain,

Ass't. Warden Mack Shaw, Ass't. Warden Blaine Lachney, Ass't. Warden Tim Delaney, and current and former LSP Medical Directors Dr. Raman Singh and Dr. Jonathan Roundtree, should be dismissed.  As noted in the initial report, the plaintiff made no allegation that any of these defendants were personally involved in providing him with medical care, in prescribing him medication, or in allegedly denying him receipt of prescribed medication.  See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Rather, the plaintiff alleged only that these defendants had a generalized duty, (1) as to Secretaries Stalder and LeBlanc, to ensure that all inmates received medical care in accordance with rules and regulations of the Department, (2) as to Warden Cain, to supervise the many Assistant Wardens under his authority and to implement procedures to ensure receipt of medications by inmates, (3) as to Assistant Wardens Shaw, Delaney and Lachney, to supervise subordinate officers and thereby ensure that inmates received their prescribed medications, had access to pill call personnel and were allowed to personally sign their medication charts, and (4) as to LSP Medical Directors Singh and Roundtree, to supervise and monitor the performance of physicians and health care personnel under their control, to audit medical records to ensure quality of care, and to implement policies to promote quality of care and reliable receipt of medications.  Although the plaintiff, in his second Amended Complaint, seeks to impose personal responsibility upon these defendants by referring to their "affirmative" duty to undertake their respective responsibilities, and by referring to a "scheme" engaged in by defendants Singh and Roundtree "of discontinuing prescribed pain medication without examination," these conclusory assertions, lacking as they do any reference to specific material facts, are not found to be sufficient to state a claim of an illegal policy or conspiracy under §

1983.  See McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th cir. 1989). Rather, the Court finds the plaintiff's allegations against these defendants appear to be solely relative to their positions as supervisory officials, and as previously noted, respondeat superior is not a basis for liability under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, as noted in the initial Magistrate Judge's Report, the plaintiff's claim that the defendants had a duty to act upon receipt of his complaints and grievances does not state a claim cognizable under § 1983.  See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005).

The plaintiff also seeks to find a deficient policy at LSP for which these defendants are responsible by referring in his second Amended Complaint to more than 200 alleged instances of non-delivery of prescribed medications.  He contends that the sheer number of these alleged instances supports his claim of a deficient policy, and he disputes the Court's finding of only episodic and sporadic occurrences of misconduct.  The Court does not agree with the plaintiff's argument in this regard.  In the first place, the Court does not interpret the plaintiff's second Amended Complaint as expanding the scope of this proceeding beyond the plaintiff's initial claim, which was asserted in his original and first Amended Complaints, that the defendants failed to provide him only with the medication Ibuprofen/Motrin.[1]  In his initial and first Amended Complaints, this is the only medication which the plaintiff complains was not reliably delivered to him, and he refers only to approximately 50 alleged instances of non-delivery of same over more

---

[1]   Although the plaintiff complains of the discontinuance of a second prescribed medication, Neurontin, in March of 2007, the Court has determined that this claim is barred by the applicable statute of limitations.

than a two year period (from March 5, 2007 to May 27, 2009). This is also the only medication referred to by the plaintiff in his discovery directed to the defendants, wherein he requests the identity of persons responsible for the delivery of this medication. Thus, the Court does not interpret the plaintiff's second Amended Complaint, which as above noted was filed in order to respond to the qualified immunity defense asserted in the defendants' motion to dismiss, as expanding the scope of this action to include the alleged non-delivery of other medications. Second, considering that the plaintiff was prescribed the referenced Ibuprofen/Motrin three times daily for the entire period he was at LSP, and considering, therefore, that as prescribed between march 5, 2007 and May 27, 2009, he would have ingested more than 2400 doses of this medication, it does not appear that the approximately 50 alleged instances of non-delivery of this medication over more than a two year period reflect a policy or practice at LSP so deficient as to amount to a repudiation of constitutional rights, i.e., a policy which defendant supervisors subjectively know will "expose prisoners to a substantial risk of significantly unmet serious medical needs." See Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). Rather, as conceded by the plaintiff, the prison has in place procedures pursuant to which inmates are routinely seen by health care personnel (as was the plaintiff), are referred to see physicians when deemed appropriate (as was the plaintiff), and are examined and prescribed medications by such physicians as deemed warranted for their conditions (as was the plaintiff). The prescriptions for inmates' medications are filled and re-filled by pharmacists employed by the prison, and are delivered to the inmates' tiers by pill call officers who provide the medications to tier security officers for actual dispensing to the inmates. In addition,

daily visits are made to the inmates' tiers by medical technicians assigned to sick-call duty, who are themselves authorized to attend to inmates' acute complaints and to take appropriate action in response to these complaints.  Although the plaintiff complains of periodic breakdowns in the implementation of these procedures, either through occasional negligent failures by prison personnel to renew prescriptions or through wrongful conduct on the part of individual employees in taking or "borrowing" medications, these sporadic and episodic breakdowns do not lead to a conclusion that the medical delivery policy at LSP constituted a repudiation of constitutional rights or exposed inmates to "a substantial risk of significantly unmet serious medical needs", of which the supervisory defendants were subjectively aware.  Thompkins v. Belt, supra.  This is particularly true in the instant case where a review of the plaintiff's medication charts appears to disclose regular receipt of the medication Ibuprofen/Motrin by the plaintiff, with the exception of isolated instances of apparent non-delivery.  Moreover, although the plaintiff complained in his second Amended Complaint of alleged improper "stop orders" issued for medications, the Court has not been alerted to any alleged "stop orders" relative to the medication Ibuprofen/Motrin; rather, the stop orders referred to by the plaintiff in the medication charts attached to his Objection relate only to other medications than Ibuprofen/Motion.[2]  Accordingly, the Court finds no error in its determination that the plaintiff has failed to sufficiently allege a deficient policy or practice at LSP for which the supervisory defendants

---

[2] Although the words "stop order" appear next to the medication Ibuprofen/Motrin on several of the plaintiff's medication charts attached to his Objection, a careful review of these documents reflects a continuation of this medication on the same page thereof, resulting in no apparent lapse.

are responsible.

Notwithstanding the foregoing, the plaintiff correctly points out in his Objection to the Magistrate Judge's Report that, because discovery was stayed in this proceeding, he was not allowed to pursue discovery in order to seek the identities of "John Doe" and "Jane Doe" defendants named in his original and Amended Complaints. Although the naming of fictitious defendants is not generally favored by the Court, Colle v. Brazos County, Texas, 981 F.2d 237, n. 20 (5th cir. 1993); Murphy v. Kellar, 950 F.2d 290 (5th Cir. 1992), it is appropriate, within the applicable limitations period, to allow discovery for the purpose of identifying defendants whose names are not otherwise ascertainable. See Green v. Doe, 260 Fed.Appx. 717 (5th Cir. 2007). For this reason, the Court determines that the plaintiff should be allowed to engage in discovery for the purpose of identifying the "John Doe" and "Jane Doe" pill call sergeants at Camp C at LSP and the second pharmacist employed at Camp C at LSP. Further, the plaintiff's claims against LSP pharmacist Mary Labatut should be allowed to proceed at the present time, pending further evidentiary development relative to her alleged failure to ensure that the plaintiff's prescription for Ibuprofen/Motrin was maintained and refilled as appropriate.

In all other respects, the initial Report of the Magistrate Judge is preserved and maintained.

## SUPPLEMENTAL RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims. It is further recommended that the defendants' Motions to Dismiss, rec.doc.nos. 16 and 29, be granted in part, dismissing the plaintiff's claims asserted against defendants James M. LeBlanc, Richard Stalder, Burl Cain, Mack

Shaw, Blaine Lachney, Tim Delaney, Dr. Raman Singh and Dr. Jonathan Roundtree on the basis of qualified immunity, and that this matter be referred back to the Magistrate Judge for further proceedings.

      Signed in chambers in Baton Rouge, Louisiana, March 5, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**